IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK PLASCENCIA,<br><br>    Plaintiff,<br><br><br><br><br><br>           vs.<br><br><br>CITY OF ST. GEORGE, ST. GEORGE POLICE DEPARTMENT and JARED TAYLOR,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND BILLABLE COSTS<br><br><br><br><br><br>Case No. 2:07-CV-2 TS |

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Billable Costs

## I.  BACKGROUND

This case arises out of an encounter between Mr. Mark Plascencia and  Mr. Jared Taylor,

who was then a police officer.  Mr. Clark Newhall represented the Plaintiff and Mr. Peter Stirba

represented Defendants.  Mr. Plascencia alleged excessive force and unreasonable seizure against

Mr. Taylor, as well as wrongful hiring, negligent failure to train/supervise, and racial

discrimination against St. George City and the St. George Police Department.  Mr. Plascencia's

1

Complaint requested one million dollars in relief in addition to special damages for past and future medical care.

Mr. Plascencia dismissed his claims against the Police Department before trial, and his failure to train and racial discrimination claims were disposed of on summary judgment. His wrongful hiring claim against St. George City was dismissed at trial pursuant to Defendant's Rule 50 Motion, and he prevailed on his excessive force and unreasonable seizure claims and was awarded $5,000.

Plaintiff's counsel has submitted a request for $174,395.01 in attorney's fees and $11,589.19 for costs typically billed to clients. Defendant makes the following objections: (1) that Plaintiff's counsel's proposed hourly rate is unreasonably high; (2) that some of Plaintiff's counsel's claimed hours were not reasonably expended; (3) that secretarial hours should not be included in an attorney fee award; (4) that the total fee should be reduced based on Plaintiff's limited success; and (5) that Plaintiff's counsel has failed to meet his burden with respect to justifying the costs he seeks. Each objection will be considered in turn.

## II.  DISCUSSION

Plaintiff moves the Court for an entry of attorney fees as a prevailing party under 42 U.S.C. § 1988. Section 1988 provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[1]  To receive an award of attorney's fees under this title, "a claimant must prove two

---

[1] 42 U.S.C. § 1988(b).

elements: (1) that the claimant was a 'prevailing party' in the proceeding; and (2) that the claimant's fee is 'reasonable.'"[2]  The parties do not dispute that Plaintiff qualifies as a prevailing party.  The Court must now decide whether Plaintiff's fee is reasonable.

Generally, a court will determine "what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[3]

A.     REASONABLE HOURLY RATE

The burden is on "[t]he party seeking an award of fees [to] submit evidence supporting the hours worked and *rates claimed*."[4]  The proper rate should be determined "according to the prevailing market rate in the relevant community."[5]

Plaintiff's counsel has requested a $300 hourly fee because, he argues, his affidavits establish that a reasonable rate would be between $250 and $325.  Plaintiff's counsel submitted three affidavits: two suggested that $250 would be a reasonable rate, and one suggested $325.  The $325 figure comes from Mr. Robert Wilde, and is based on a fee award Mr. Wilde received in 2010 in a FMLA suit.  Mr. Wilde had been practicing, at that point, for thirty-one years.  Mr. Wilde also states that he has been admitted to practice before Utah federal courts and the Tenth

---

[2]*Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

[3]*Id.*

[4]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added).

[5]*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286 (1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

Circuit for the same amount of time.  Defendant suggests that Mr. Wilde has extensive

experience in federal court, and Plaintiff's counsel has not disputed the assertion.  Plaintiff's

counsel, on the other hand, has fifteen years of experience, and nothing in his submissions

indicates his level of federal experience. Given the wide disparity in qualifications between

Plaintiff's counsel and Mr. Wilde, the Court finds that Plaintiff's rate should not be at or so near

Mr. Wilde's and will instead use the $250 rate suggested by the other two affidavits.

Plaintiff's counsel has included time from four other lawyers in his total fee request.  For

each lawyer, Plaintiff's Counsel has failed to submit affidavits verifying the propriety of the

claimed hourly rate.

Plaintiff's counsel requests 13.75 hours at $125 an hour for Ms. Cheri Gochberg.

Plaintiff's counsel has submitted no declarations regarding what a reasonable rate for someone

with Ms. Gochberg's experience would be, or even what her level of experience is.  Instead,

Plaintiff's counsel has merely notified the Court that Ms. Gochberg "has apparently left the

practice of law and cannot be reached."[6]  Because Plaintiff's counsel has failed to meet his

burden, the Court will reduce Ms. Gochberg's suggested hourly rate by half.

Plaintiff's counsel also requests (1) 78.5 hours for Mr. Brady Curtis at $125 an hour; (2)

13 hours for Mr. Richard Hutchins at $300 an hour; and (3) 11.5 hours for Ms. Michelle

Diamond at $125 an hour.  In all cases, Plaintiff's counsel has submitted affidavits from the

attorneys detailing their level of experience, but no affidavits from community members

---

[6]Docket No. 273, at 4.

declaring a reasonable hourly rate for the attorneys.[7]  The burden was on Plaintiff's counsel to do

so, and Plaintiff's counsel's clearly knew how to get affidavits of this type considering he

submitted such for himself.  Because Plaintiff's counsel has failed to meet his burden, the Court

will also reduce Mr. Curtis's, Mr. Hutchins's and Ms. Diamond's hourly rates by half.

B.      HOURS REASONABLY EXPENDED

        The Supreme Court has stated:

        The district court also should exclude from this initial fee calculation
        hours that were not "reasonably expended."  Cases may be overstaffed, and the
        skill and experience of lawyers vary widely.  Counsel for the prevailing party
        should make a good faith effort to exclude from a fee request hours that are
        excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice
        ethically is obligated to exclude such hours from his fee submission.  In the
        private sector, "billing judgment" is an important component in fee setting.  It is
        no less important here.  Hours that are not properly billed to one's client also are
        not properly billed to one's adversary pursuant to statutory authority.[8]

        Furthermore, a party requesting a fee award must submit to the court meticulous time

records, which "must reveal, for each lawyer for whom fees are sought, all hours for which

compensation is requested and how those hours were allotted to specific tasks—for example,

how many hours were spent researching, how many interviewing the client, how many drafting

---

        [7]The affidavits submitted by the three attorneys do contain statement from each declaring
that they believe their own rates to be reasonable.  These declarations are insufficient for obvious
reasons.

        [8]*Hensley*, 461 U.S. at 434 (internal quotation marks and citations omitted).

the complaint, and so on."[9]  It is within a district court's discretion to reduce compensable hours based on "sloppy or imprecise time records."[10]

Defendant has compiled a list of various fees to which he objects as either unnecessary or unclear and thus not chargeable.[11]  It is within the Court's discretion to determine whether these expenditures were reasonably necessary to the litigation.  The Court notes that Plaintiff's counsel has not responded to Defendant's objections as to any of these fees.  Having no evidence with which to rebut Defendant's objections, the Court has no choice but to eliminate the contested hours.  The Court will therefore deduct 17.75 hours from Plaintiff's counsel's total hours, as well as all hours designated "work week."

Defendant also objects to Plaintiff's counsel's inclusion of forty-four hours of "secretarial overtime."  Defendant notes that the Supreme Court has held that paralegal time can be included in an attorney's fee award where the customary practice in the relevant community is to bill paralegal time separate from attorney time.[12]  Defendant argues that secretarial time is distinguishable and should not be included because it is not customarily billed separately from attorney time, but is generally part of an attorney's overhead.  The Court agrees, and will not include secretarial fees in the award.

---

[9]*Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)*.*

[10]*Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

[11]Docket No. 267 Ex. A.

[12]*Jenkins by Agyei*, 491 U.S. at 286-89.

6

C.      REDUCTION OF TOTAL FEE

There are essentially two avenues for fee reduction that the Court could consider.  First, the Supreme Court has held that where a plaintiff brings more than one claim and the claims are unrelated, time spent on unsuccessful claims should not be included in an attorney fee award. Claims are related if they share a "common core of fact."[13]  If the Court determines that any of the unsuccessful claims did not share a common core of fact with the successful ones, then the unsuccessful claims are "treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."[14]

 Defendant argues that Plaintiff's claims against St. George and the St. George Police Department are based on different facts than the claims against Mr. Taylor.  Specifically, Plaintiff's counsel had to investigate the hiring and training policies of the state actors and what the hiring official knew about Mr. Taylor's background at the time of hire, neither of which have any bearing on the excessive force and unreasonable seizure claims against Mr. Taylor. Plaintiff's counsel responds that the claims against the state actors were dependent on a showing that Taylor had violated the Fourth Amendment, and thus all claims shared a common core of fact.

The Court finds that all claims share a common core of fact, and thus will not exclude any of the unsuccessful claims.

---

[13]*Hensley*, 461 U.S. at 435.

[14]*Id.*

Having determined that all claims will be considered, the next step is to analyze "the degree of success obtained" in relation to the claimed fee.  In *Hensley* the Supreme Court differentiated between excellent and limited success:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation . . . .  In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.  Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill.  Again, the most critical factor is the degree of success obtained.[15]

The Court went on to note that the application of this principle in the context of a civil rights case is particularly important because such litigation typically

> involv[es] numerous challenges to institutional practices or conditions.  This type of litigation is lengthy and demands many hours of lawyers' services.  Although the plaintiff often may succeed in identifying some unlawful practices or conditions, the range of possible success is vast.  That the plaintiff is a "prevailing party" therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.  In this case, for example, the District Court's award of fees based on 2,557 hours worked may have been reasonable in light of the substantial relief obtained.  But had respondents prevailed on only one of their six general claims . . . a fee award based on the claimed hours clearly would have been excessive.[16]

---

[15]*Id.* at 435-36 (citation and footnote omitted).

[16]*Id.* at 436.

In the instant case, Plaintiff began with five claims and three defendants.  He prevailed on two claims against one defendant.  Accordingly, this case fits comfortably into the "limited success" category, and the Court will use its discretion to reduce the fee award by an appropriate amount in light of the level of success.

In exercising its discretion to reduce a fee award, the Court must make "qualitative assessments regarding [the] relative importance of one claim versus another."[17]  Rather than calculating a reduction based on the proportion of total claims that the rejected claims represent, a district court is required to consider the importance of the rejected claims to the case as compared to the successful claims.  In other words, just because 2/3 of the claims are unrelated and unsuccessful does not mean that the total fee request should be reduced by 2/3.  Instead, the court must "assess the relative importance of plaintiffs' successes and failures."[18]

The Court finds that the unreasonable seizure and excessive force claims are correctly characterized as more important than the state actor claims, because the state actor claims were dependent on the unreasonable seizure and excessive force claims.  Accordingly, the Court will reduce the fee amount by 1/3, even though 3/5 of Plaintiff's claims were unsuccessful.

D.    COSTS

A prevailing party is entitled to reimbursement for "incidental and necessary expenses incurred in furnishing effective and competent representation."[19]  Qualifying costs are those

---

[17]*Jane L.*, 61 F.3d at 1511.

[18]*Id.*

[19]*Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000) (internal quotation marks and citation omitted).

9

"reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead . . . . In deciding whether to award such expenses, the district court must determine whether such expenses are usually charged separately in the area."[20]  If the costs are normally billed separately, the Court must also ensure that the costs were reasonable and necessary before awarding them. Plaintiff's counsel requests reimbursement for (1) postage, (2) depositions, (3) private investigator services, and (4) expert fees.  Defendant objects to all four.

Defendant agrees that postage is generally billed separately, but nevertheless objects to Plaintiff's counsel's request for reimbursement because "Plaintiff's Expense Spreadsheet does not indicate, much less establish, that the claimed postage charges were incurred in connection with this case."[21]  Along with his motion for fees and costs, Plaintiff's counsel submitted a declaration attesting that the fees and costs stated in his submission were related to and necessary for the litigation of the case.  Because Defendant has only accused Plaintiff's counsel of failing to support his postage claims, rather than presenting some sort of evidence casting Plaintiff's counsel's declaration in doubt, the Court will grant postage costs to Plaintiff's counsel.

Plaintiff's counsel's request for reimbursement for two depositions is duplicated in his taxation of costs.  Accordingly, the Court will deny this request as to one set of the depositions.

Defendant also objects to Plaintiff's counsel's request for reimbursement of private investigator services on various grounds.  Defendant claims that none of these expenses were reasonably necessary to the litigation.  Plaintiff's counsel does not address any part of this

---

[20]*Id.*

[21]Docket No. 267, at 13.

argument in his response.  Defendant objects to the investigator expenses on 3/12/07, 4/18/08, and 9/12/11 because they are unclear and thus the court cannot determine whether they were necessary.  As noted above, the Tenth Circuit has held that where records of time billed are sloppy or imprecise, the Court has discretion to reject an award for those hours.[22]  Because Plaintiff's counsel did not provide enough information to Defendant to enable Defendant to contest the necessity of those three investigation expenses, the Court will deny an award for those fees.

Defendant also objects to investigator fees incurred on 12/10/08, 4/13/09, and 8/17/09 because they all relate to Plaintiff's unsuccessful claims against the city and the police department.  However, because the Court has found those claims to be compensable because they share a common core of fact with the successful claims, the Court will deny this objection.

Defendant also objects to two investigation charges for interviews of people related to the case.  Defendant contends that because these people were not deposed and did not act as witnesses, their interviews were not necessary. The Court will deny this objection.  Plaintiff's counsel was required to investigate to some extent the people involved with the events in question.  Even if his investigation merely revealed that the people had no important information, such an investigation would still be part of a competent representation.

Defendant's last objection is to Plaintiff's counsel's request for reimbursement for expert fees.  Section 1988(c) explicitly allows for reimbursement of expert fees in § 1981 and § 1981a actions, but does not mention § 1983.  Though the Tenth Circuit has not opined on the meaning

---

[22]*Jane L.*, 61 F.3d at 1510.

of this omission, in facing similar statutory interpretation questions the court often applies the doctrine of *expressio unius*, or, "to express or include one thing implies the exclusion of the other."[23]   Applying the doctrine to the language at hand, the explicit inclusion of expert fees for § 1981 and § 1981a actions and no others would necessarily exclude § 1983 actions.  Based on similar analyses, "federal courts consistently have held that prevailing parties in Section 1983 cases cannot recover expert witness fees."[24]

The Court also notes that it refused to allow Plaintiff to use his proposed expert or his proposed expert report because they were deemed to be of no value to the case.  Thus, the Court would not be able to find that such fees were necessary to furnish "effective and competent representation,"[25] even if expert fees were chargeable under the statute.  Accordingly, the Court will reject Plaintiff's counsel's request for expert witness fees.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's counsel's fee award will be calculated as follows:

**Clark Newhall**

493 hours x $250 per hour = $123,250

---

[23]*E.g., United States v. Brown*, 529 F.3d 1260, 1265 (10th Cir. 2008).  Several years before the act was amended in 1991 to include specific language authorizing reimbursement for expert fees in 1981 and 1981a actions, the Tenth Circuit held that expert fees could be included in an attorney fee award based on the language of § 1988.  *Ramos*, 713 F.2d at 559.  However, the court has not addressed the issue since the amendment.

[24]*Webster Greenthumb Co. v. Fulton Cnty., Ga.*, 112 F. Supp. 2d 1339, 1380 (N.D. Ga. 2000) (collecting cases).

[25]*Brown v. Gray*, 227 F.3d at 1297.

**Cheri Gochberg**

13.75 hours x $62.50 per hour = $859.37

**Brady Curtis**

78.5 hours x $62.50 per hour = $4,906.25

**Richard Hutchins**

13 hours x $150 per hour = $1950

**Michelle Diamond**

11.5 hours x $62.50 per hour = $718.75

**Paralegal Time**

43.5 hours x $50 per hour = $2,175

As described above, the Court will not award any fees designated as "work week," which total $851.25. The Court will also exclude secretarial time, which amounts to $2,200. Thus, adding the sums for each attorney together, the total amount of fees is $133,859.37.

The following charges are excluded from Plaintiff's counsel's figure for costs:

$1,320.50        Investigation fees for 3/12/07, 4/18/08 and 9/12/11

$374.90          Depositions

$8,453.75        Expert fees

Total exclusions equal $10,149.15. Subtracted from Plaintiff's counsel's proposed costs of $11,589.18, Plaintiff's counsel is entitled is to $1,440.03 of his claimed costs. This brings the lodestar amount to $135,299.40. The Court will reduce this amount by 1/3, as explained above, for a total of $90,199.59. It is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees and Billable Costs is GRANTED IN PART and DENIED IN PART. Defendant is instructed to pay $90,198.70 to Plaintiff for fees and costs.

13

DATED   January 27, 2012.

BY THE COURT:

TED STEWART
United States District Judges

14