IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK PLASCENCIA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ST. GEORGE, ST. GEORGE POLICE DEPARTMENT and JARED TAYLOR,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS AFTER APPEAL<br><br><br>Case No. 2:07-CV-2 TS |

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs after Appeal.[1]  For the reasons set forth below, the Court will grant in part and deny in part the Motion.

I.  BACKGROUND

This case arises out of an encounter between Mr. Mark Plascencia and Mr. Jared Taylor, who was then a police officer.  At trial, Mr. Plascencia prevailed on his excessive force and

---

[1]Docket No. 303.

unreasonable seizure claims and was awarded $5,000.  Mr. Taylor appealed, arguing that the Court erred both when it denied his motion for judgment as a matter of law and when it submitted Instruction No. 24 to the jury.  He also argued that there was insufficient evidence to support the jury's verdict and that he was entitled to qualified immunity.  The Tenth Circuit affirmed in all respects.

Prior to the appeal, Plaintiff's counsel (Mr. Clark Newhall) submitted a request for $174,395.01 in attorney's fees and $11,589.19 for costs.  The Court granted that request in part and instructed Defendant to pay $90,198.70 to Plaintiff for fees and costs.

Following the appeal, the Tenth Circuit awarded Plaintiff's counsel $157.40 for producing necessary copies of his brief on appeal, but remanded the case to this Court "for a determination of any interest on the judgment or reasonable attorneys' fees and expenses to which appellee may be entitled under the applicable law."[2]

II.  DISCUSSION

Plaintiff's counsel has submitted a request for $71,780 in attorney's fees and $4,220.02 in costs incurred on appeal.  He also moves the Court to revise its prior finding that a reasonable hourly rate for his services prior to the appeal was $250 per hour.  Defendant objects to: (1) Mr. Newhall's request that the Court revisit the award of attorney's fees at the rate of $250 per hour for work done prior to the appeal; (2) the claimed total of 179.45 hours at the rate of $400 per hour; and (3) certain costs claimed by Mr. Newhall.

---

[2]Docket No. 300, at 3.

2

A.    PRIOR HOURLY RATE

Plaintiff's counsel requests that the Court revisit its prior determination that $250 per hour was a reasonable rate for his work prior to the appeal. As final judgment has been entered on Mr. Newhall's claim for attorney's fees in the underlying trial, the Court will construe Mr. Newhall's request to revisit the determination of his hourly rate as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b).[3] Pursuant to Rule 60(b), a Court may order relief from final judgment for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect;" and "any other reason that justifies relief."[4]

At the close of the trial in this case, Mr. Newhall sought attorney's fees at the rate of $300 per hour. The Court, finding that the affidavits submitted by Mr. Newhall did not justify that rate, awarded $250 per hour. Mr. Newhall contends that the $250 hour rate should be reconsidered because the affidavits submitted in connection with the Motion currently before the Court support a higher rate. Such a contention is inappropriate and must be rejected. As stated by the Tenth Circuit, "a motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the

---

[3] *See* Fed. R. Civ. P. 60(b) (stating that, in certain circumstances, "the court may relieve a party or its legal representative from a *final judgment*, order, or proceeding . . . .") (emphasis added); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("If a motion is served within [twenty-eight] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).") (alteration to reflect change in rule).

[4] Fed. R. Civ. P. 60(b)(1) & (6).

original motion."[5] Mr. Newhall has not and cannot argue that the information in the affidavits currently before the Court was previously unavailable. The Court, therefore, will not revisit its prior determination regarding his hourly rate.

B.  ATTORNEY'S FEES

Plaintiff moves the Court for an entry of attorney's fees as a prevailing party under 42 U.S.C. § 1988. Section 1988 provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[6] To receive an award of attorney's fees under this title, "a claimant must prove two elements: (1) that the claimant was a 'prevailing party' in the proceeding; and (2) that the claimant's fee is 'reasonable.'"[7] The parties do not dispute that Plaintiff qualifies as a prevailing party. The Court must now decide whether Plaintiff's fee is reasonable.

1.  REASONABLE HOURLY RATE

The burden is on "[t]he party seeking an award of fees [to] submit evidence supporting the hours worked and rates claimed."[8] The proper rate should be determined "according to the prevailing market rate in the relevant community."[9]

---

[5]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6]42 U.S.C. § 1988(b).

[7]*Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

[8]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[9]*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286 (1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

Mr. Newhall seeks an award of $400 per hour for the time that he and his co-appellate counsel, Ms. Kathleen McDonald, expended on appeal. A reasonable fee is calculated on the basis of rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation . . . ."[10] Because Mr. Newhall's appellate expertise varies from that of Ms. McDonald, the Court will determine their rates separately.

The Court finds that its prior determination that an hourly rate of $250 for Mr. Newhall's time prior to appeal is also a reasonable rate for his time on appeal.

Ms. McDonald has considerable experience arguing appeals in federal court. According to her declaration, she has represented clients in seven cases in the Tenth Circuit and also has extensive experience in the appellate courts of Utah. She is a leader in her law firm's appellate practice group, and her law firm is one of the largest in the state. Three of the four declarations submitted state that a $400 hourly rate would be appropriate compensation given the nature of the appeal in this case. The fourth declaration states that a fee in the range of $325 and $400 per hour would be reasonable. Defendant does not present any evidence to the contrary. The Court therefore finds that $400 per hour is a reasonable rate for Ms. McDonald's time in this matter.

2.   HOURS REASONABLY EXPENDED

Mr. Newhall seeks to be paid for 63.95 hours that he spent on appeal and for 115.5 expended by Ms. McDonald. A party requesting a fee award must submit to the court meticulous time records, which "must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example,

---

[10]*Id.*

how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on."[11]

Mr. Newhall has submitted meticulous records of the time both he and Ms. McDonald spent on appeal and the specific tasks to which that time was allotted. Defendant does not take issue with the hours expended by Ms. McDonald, but argues that "[g]iven Mr. Newhall's limited participation in the drafting of *Appellee's Brief*, a total of 20 hours for Mr. Newhall would be reasonable."[12] Defendant offers no support, by affidavit or otherwise, for its argument that the number of hours Mr. Newhall spent on appeal was unreasonable. The Court therefore finds that the hours stated by both Mr. Newhall and Ms. McDonald were reasonable.

C.   COSTS

Pursuant to 42 U.S.C. § 1988, a prevailing party is entitled to reimbursement for "incidental and necessary expenses incurred in furnishing effective and competent representation."[13] Qualifying costs are those "reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead . . . ."[14] "In deciding whether to award such expenses, the district court must determine whether such expenses are usually charged separately in the area."[15]

---

[11] *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983).

[12] Docket No. 304, at 9.

[13] *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000) (internal quotation marks and citation omitted).

[14] *Id.*

[15] *Id.*

Plaintiff seeks reimbursement for the following costs: (1) 4264 copies at $.20 for a total of $852.80; (2) $12.50 for a copy of the District Court order; (3) $11 service fee for service on Defendant; (4) $200 fee for Mr. Newhall's bar admission to the Tenth Circuit; (5) $660 for support staff overtime; (6) $277.69 for hotel charges in Denver; (7) $32.55 for a rental car in Denver; (8) $10 for airport parking; (9) $106.20 for airfare to Denver; (10) $112.33 for meals in Denver; (11) $57.45 for shipping the brief; and (12) $2044.80 for online research.

Defendant objects to: (1) any claim for photocopying and printing costs in an amount greater than the $157.40 previously taxed by the Tenth Circuit; (2) paying Mr. Newhall's Tenth Circuit bar admission fee; and (3) the $660 claimed for unspecified support staff overtime.  Each objection will be discussed in turn.

Defendant argues that the Tenth Circuit already awarded all the reimbursement for photocopying and printing costs to which Mr. Newhall was entitled.  On appeal, Plaintiff sought "the taxing of costs pursuant to Fed. R. App. P. 39, applicable interest on the judgment pursuant to 28 U.S.C. § 1961, and an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988(b)."[16]  The court considered only his request for taxing of costs pursuant to Fed. R. App. P. 39, and remanded the case to the this Court for "the remainder of the requested relief."[17]  The fact that the Tenth Circuit awarded certain costs pursuant to Fed. R. App. P. 39, does not preclude further award of expenses pursuant to 42 U.S.C. § 1988.  As Plaintiff has sufficiently supported his assertion that his photocopying and printing costs were "incidental and necessary expenses

---

[16]Docket No. 300, at 2.

[17]*Id.*

7

incurred in furnishing effective and competent representation,"[18] the Court finds that they should be awarded pursuant to § 1988.

Defendant next argues that Mr. Newhall should not be reimbursed for his admission fee to the Bar of the Tenth Circuit Court of Appeals because this fee is not ordinarily charged to a client. Mr. Newhall's declaration states only that the bar fee was a cost "incurred in this litigation," not that it is a fee ordinarily billed to a client. This is not sufficient to meet his burden to show that the bar admission fee is an expense that should be reimbursed under § 1988. The Court therefore will not make an award for Mr. Newhall's bar admission fee.

Defendant's final objection is that Mr. Newhall's $660 claim for support staff overtime should not be reimbursed. Defendant notes that the Supreme Court has held that paralegal time can be included in an attorney's fee award where the customary practice in the relevant community is to bill paralegal time separate from attorney time.[19] Defendant argues that secretarial time is distinguishable and should not be included because it is not customarily billed separately from attorney time, but is generally part of an attorney's overhead. Because Mr. Newhall has not explained whether his support staff overtime was secretarial time or paralegal time, Defendant argues that the support staff overtime should not be reimbursed. The Court agrees, and will not include an award for support staff overtime.

---

[18] *Brown*, 227 F.3d at 1297.

[19] *Jenkins by Agyei*, 419 U.S. at 286–89.

IV.  CONCLUSION

Based on the foregoing, Plaintiff's counsel's fee award will be calculated as follows:

**Clark Newhall**

63.95 hours x $250 per hour = $15,987.50

**Kathleen McDonald**

115.5 hours x $400 per hour = $46,200

As described above, the Court will exclude fees for Mr. Newhall's bar admission and support staff overtime, which total $860.  The Court will also exclude $157.40 from the amount requested for photocopying and printing as that amount was already awarded by the Tenth Circuit.  Thus, the total for attorney's fees is $62,187.50, and the total for other reimbursable expenses is $4,219.92.  Adding attorney's fees and other expenses, the total amount is $66,407.42.    It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees and Costs After Appeal (Docket No. 303) is GRANTED IN PART and DENIED IN PART.  The Clerk of the Court is instructed to amend the prior judgment entered on February 2, 2012, to include additional attorney's fees and costs in the amount of $66,407.42 together with post-judgment interest on the prior judgment pursuant to 28 U.S.C. § 1961.

DATED   August 13, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judges